IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 23-1167

ZURICH AMERICAN INSURANCE COMPANY,
Plaintiff-Appellee

v.

MEDICAL PROPERTIES TRUST, INC.,
Defendant-Appellant

No. 23-1180

STEWARD HEALTH CARE SYSTEM, LLC,
Plaintiff-Appellant

v.

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY
and ZURICH AMERICAN INSURANCE COMPANY,
Defendants-Appellees

On Appeal from an Order of the United States District Court
for the District of Massachusetts, Hon. Patti B. Saris

**APPELLEES' OPPOSITION TO UNITED POLICYHOLDERS' MOTION FOR LEAVE TO FILE CORRECTED BRIEF OF *AMICUS CURIAE* IN SUPPORT OF DEFENDANT-APPELLANT MEDICAL PROPERTIES TRUST**

Appellees Zurich American Insurance Company ("Zurich") and American Guarantee and Liability Insurance Company ("AGLIC") (collectively, "Appellees") respectfully submit this Opposition to United Policyholders' motion for leave to file a brief of amicus curiae in support of Appellant Medical Properties Trust, Inc.

("MPT"), and respectfully request that the Court deny United Policyholders' motion.[1]

United Policyholders' proposed amicus brief ("UP Br.") offers three arguments in support of MPT, arguing that Zurich's interpretation of "surface waters" is "at odds with" (1) "the way the insurance industry rates flood risk"; (2) the terms of the Zurich policy; and (3) policyholders' reasonable expectations. Motion for Leave ("UP Mot.") at 5. The Court should deny United Policyholders' leave to file its proposed amicus brief because United Policyholders has no special interest in this case not already fully represented by MPT, and its proposed brief provides the Court with no additional context or argument that was not adequately addressed in MPT's brief—it is simply a 10-page extension. Moreover, the only additional detail United Policyholders' proposed amicus brief does provide regarding the National Flood Insurance Program ("NFIP") is irrelevant. Finally, it improperly attempts to insert on appeal alleged facts not in the record in favor of MPT's interpretation of the Zurich policy. United Policyholders' motion for leave to file its proposed amicus brief should be denied.

---

[1] United Policyholders initially filed its motion for leave to file an amicus brief on May 23, 2023. On June 1, the Court issued an order directing United Policyholders to file a corrected brief. On June 2, prior to Appellees' filing their opposition to United Policyholders initial motion for leave, United Policyholders filed its motion for leave to file its corrected brief, to which this opposition is now directed.

## I.  United Policyholders' Proposed Amicus Brief Is Unnecessary and Provides No Independent Value to the Court.

United Policyholders' motion and proposed amicus brief plainly serve no purpose beyond providing support for arguments already presented in MPT's appellate brief. This Court has cautioned that a court "lacking joint consent of the parties should go slow in accepting … an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) (Aldrich, C.J.). Additionally, in line with this Court's recognition of the narrow instances in which amicus briefs should be welcomed, the Seventh Circuit Court of Appeals has cautioned: "The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J.). United Policyholders' proposed brief does not advocate for an interest unrepresented in the case but, rather, merely duplicates and extends the Appellants' briefing.

To begin, United Policyholders' interest in this case is identical to MPT's and Steward Health Care Systems, LLC's ("Steward") interest—that of the policyholder. Additionally, both MPT and Steward are represented by able counsel in this

consolidated appeal, and both parties have filed an appellant's brief. Before assessing the substance of United Policyholders' proposed brief, this Court should therefore view its motion for leave with skepticism.

Substantively, United Policyholders' proposed brief is merely an extension of MPT's appellant's brief, which adequately presents the same arguments. As to United Policyholders' argument that Zurich's interpretation is inconsistent with how insurers rate flood risk, *see* UP Br. at 3-7, MPT makes the same argument in fewer words, *see* MPT Br. at 56-57 (discussing the NFIP and the factors insurers historically and presently consider in determining rates for flood insurance). United Policyholders' remaining two arguments – that the terms of the Zurich policy issued to MPT and policyholders' reasonable expectations support MPT's interpretation – plainly are nothing more than legal arguments specific to the insurance policy involved in this appeal, as to which United Policyholders has no special or separate interest apart from the actual policyholders, such that its voice should be heard. *See* UP Br. at 7-10; MPT Br. at 37-56. As United Policyholders recognizes in its motion for leave, the District Court's decision below followed existing First Circuit precedent. UP Mot. at 4. There is no legal frontier in this case in which its voice as a policyholder advocacy group adds any perspective or clarity beyond that of the parties involved in this case, and its proposed brief will not assist the Court in a way

the parties' briefs do not. *See* Fed. R. App. P. 29(a)(3)(B) (providing that an amicus's motion must state "the reason why an amicus brief is desirable").

United Policyholders' motion for leave to file its amicus brief therefore should be denied because United Policyholders has no special interest in this appeal and its brief is undesirable, as it merely seeks to extend the arguments in MPT's appellant's brief.

**II.     The Only Additional Argument United Policyholders' Proposed Brief Provides Is Irrelevant.**

United Policyholders' motion for leave should also be denied because the only argument in its proposed brief not already included in MPT's brief is irrelevant to the issues on appeal. *See* Fed. R. App. P. 29(a)(3)(B) (providing that an amicus's motion must state "why the matters asserted are relevant to the disposition of the case").

United Policyholders' proposed brief focuses its discussion on the history of flood insurance in the United States, the NFIP, and the use of Flood Insurance Rate Maps ("FIRMs") developed by the Federal Emergency Management Agency ("FEMA") to assess flood risk. UP Br. at 3-7. But United Policyholders fails to mention that "FEMA promulgated regulations prescribing the terms of the Standard Flood Insurance Policy ('SFIP') to be used by" private insurance companies to issue policies as part of the NFIP "Write-Your-Own program" ("WYOP"). *McGair v. American Bankers Ins. Co. of Fla.*, 693 F.3d 94, 96 (1st Cir. 2012). Here, the Zurich

5

policy at issue is a private commercial property policy, not an SFIP subject to the FEMA regulations. This matters because

> FEMA provides a standard text for all NFIP policies and forbids WYOP companies from making changes; FEMA's interpretations of the policy bind all WYOP participants; FEMA decides what rates may be charged; all premiums are remitted on to FEMA (minus a small fee); if WYOP companies pay out on a claim they get reimbursed by FEMA….

*Id.* (quoting *Downey v. State Farm Fire & Cas. Co.,* 266 F.3d 675, 679 (7th Cir.2001)). United Policyholders' discussion regarding the NFIP is therefore completely irrelevant because the same rules regarding rates, the policy language at issue, and the regulatory interpretations of that language do not apply to the Zurich policy.

Moreover, United Policyholders recognizes the District Court's decision turned on existing First Circuit precedent interpreting Massachusetts law. UP. Mot. at 4. But "[i]t is settled that federal law controls disputes over the coverage of insurance policies issued pursuant to the [NFIP]." *Atlas Pallet, Inc. v. Gallagher*, 725 F.2d 131, 135 (1st Cir. 1984). "[N]either the statutory nor decisional law of any particular state is applicable" to cases involving policies issued pursuant to NFIP. *Id.* Thus, not only is the Zurich policy at issue not subject to the NFIP, but any interpretations of purportedly similar policy language would not be subject to the same substantive law. Thus, the focus of United Policyholders' proposed brief seeks to inject irrelevant and unhelpful argument, based on a false premise.

6

### III. United Policyholders' Proposed Brief Also Improperly Argues Facts.

As this Court has long recognized, "an amicus who argues facts should rarely be welcomed." *Strasser*, 432 F.2d at 569. Beyond United Policyholders' discussion of the history and flood-risk rating of the NFIP (which, as discussed, is irrelevant), its proposed brief offers a host of selected facts not in the record from FEMA and Zurich websites to suggest that Zurich's interpretation of the policy at issue is inconsistent with flood-risk rating and Zurich's own understanding of how floods occur. *See* UP Br. at 5-7. The Court should reject this attempt to insert irrelevant factual material into the record and United Policyholders' attempt to demonstrate its relevance. *See Portland Pipe Line Corp. v. City of S. Portland*, No. 2:15-CV-00054-JAW, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017) ("Among the concerns with allowing the participation of amici are … making an end run around court-imposed limitations on the parties, including discovery restrictions, the rules of evidence, and the length and timing of the parties' briefs"). The Court should deny United Policyholders' motion for leave for this additional reason.

WHEREFORE, Appellees respectfully request that this Court deny United Policyholders' motion for leave to file a brief of amicus curiae in support of Appellant Medical Properties Trust, Inc.

Dated: June 2, 2023

Respectfully submitted,

*/s/ Patrick F. Hofer*
Patrick F. Hofer (# 1199731)
Clyde & Co US LLP
1775 Pennsylvania Avenue, N.W., Suite 400
Washington, D.C. 20006
Tel: (202) 747-5110
patrick.hofer@clydeco.us

*Attorney for Appellees Zurich American Insurance Company and American Guarantee and Liability Insurance Company*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to Fed. R. App. P. 32(g)(1) that this document complies with the word limitation in Rule 27(d)(2)(A). According to the Microsoft Word word-count, this document (excluding those parts exempted by Fed. R. App. P. 32(f)) contains 1,564 words. This document also complies with the type-face requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in Microsoft Word using a proportionally spaced font (Times New Roman) in 14-point font size.

Dated: June 2, 2023

*/s/ Patrick F. Hofer*
Patrick F. Hofer (# 1199731)

**CERTIFICATE OF SERVICE**

I, Patrick F. Hofer, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants by mail and/or email on June 2, 2023, at the addresses listed below.

>   David D. Disiere
>   Martin, Disiere, Jefferson & Wisdom
>   808 Travis, Suite 1100
>   Houston, TX 77002
>   disiere@mdjwlaw.com

*/s/ Patrick F. Hofer*
Patrick F. Hofer (# 1199731)